(No. 6257⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛

ATKINS, BARROW AND GRAHAM, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 10, 1972.*

D. V. DOBBINS, DOBBINS, FRAKER & TENNANT, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

This matter is before the Court on a motion filed by the State to disregard a joint stipulation previously entered into between claimant and the State of Illinois and which motion requested dismissal of the Complaint. Claimant has filed objections to the motion.

Claimant requests payment in the sum of $1,950 for architectural services rendered by it in connection with the construction of a building at Jackson State Hospital erected by the Illinois Building Authority. Claimant had a contract with Illinois Building Authority to render services and was paid for all services rendered except for the additional services forming the basis for this claim.

A Joint Stipulation was entered into between claimant and the Assistant Attorney General consenting to entry of an award in the amount of $1,950. The theory of the claimant was that the refusal for payment was solely due to the fact that funds appropriated had lapsed.

In connection with the Motion to Disregard the Stipulation, the State contends that the Stipulation was erroneous and argues that since the Illinois Building Authority was a "body corporate" that any action for such

services would lie in an action at law and not in a claim before the Court of Claims.

In response, the claimant argues that the State is bound by the Stipulation and should not be permitted to "weasel out of an agreement made by them" and that Counsel was now "crawfishing." We are not impressed by the claimant's personal attack on the Attorney General in his effort to disregard the Stipulation.

This Court feels that if the extra services were rendered to the Illinois Building Authority that the position of the Attorney General would be correct notwithstanding the Stipulation.

Where there is an adequate remedy at law, the Court of Claims has no jurisdiction. *Denton* vs. *State*, 22 C.C.R. 83.

The Illinois Building Authority is a "body corporate and politic" (Ch. 127, Sec. 213.1, Ill.Rev.Stat., 1969). It is not a "State agency" (*The People* vs. *Barrett*, 382 Ill. 321, 46 N.E. 2d 951) (*Berger* vs. *Howlett*, 25 Ill. 2d 128, 182 N.E. 2d. 673).

However, it is contended by the claimant that the services were rendered not to the Illinois Building Authority but to the Department of Mental Health. If this is true, then the Claim would properly be brought before the Court of Claims for allowance.

There is no dispute as to the services rendered nor as to the amount of charge made. The Court feels, however, that the State is entitled to a hearing on whether the services were rendered under the contract with the Illinois Building Authority or whether they were rendered to the Department of Mental Health directly and not as part of the contract.

There is in the file, correspondence indicating that the

Department of Mental Health actually contracted for the services. However, there is evidence that the Claim was presented to the Illinois Building Authority which refused to pay it.

The Motion to Dismiss the Stipulation is therefore allowed, but the Motion to Dismiss is denied.

This matter is remanded for hearing solely on the question of whether the services were rendered to the Illinois Building Authority or to the Illinois Building Authority or to the Department of Mental Health and for a decision in accordance with the evidence at the hearing and consistent with this decision.